UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TSYS MERCHANT SOLUTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL TRANSACT, LLC, a Texas limited liability company doing business as GLOBAL CARD 1, LLC and MICHAEL W. DELEONARDIS, an individual,<br><br>Defendants. | 8:11CV3175<br><br>STIPULATED PROTECTIVE ORDER |

This matter comes before the Court on the Stipulation for Protective Order (Filing 18) submitted by Plaintiff TSYS Merchant Solutions, LLC ("Plaintiff") and Defendants Global Transact, LLC d/b/a Global Card 1, LLC and Michael W. DeLeonardis (collectively, "Defendants"). Having reviewed the Stipulation and being duly advised in the premises thereof, the Court hereby enters the following Stipulated Protective Order ("Protective Order").

1. It is anticipated that in the course of discovery in this action (the "Litigation"), either Plaintiff or any of Defendants (collectively, the "Parties" and individually, a "Party") may produce Confidential Information. For the purposes of this Protective Order, "Confidential Information" means and includes information or documents that: (i) contain or constitute non-public, commercially-sensitive information; (ii) contain or constitute technical, financial and/or other business information (e.g. pricing, customer lists, business and/or marketing plans or analysis, license agreements and the like) the public disclosure of which would cause competitive harm to the Party producing the information or document; (iii) is subject to an express obligation of confidentiality owed by a Party to a third-party; (iv) contains personally identifiable information

about an individual as described in Fed. R. Civ. P. 5.2 or NECivR 5.03(b)(1)-(5); or (v) constitutes a trade secret under the laws of the State of Nebraska.

2. This Protective Order shall be applicable to all Confidential Information designated as Confidential in accordance with the procedures set forth in this Protective Order by either of the Parties, by any additional persons or entities hereafter served with summons or entering an appearance herein or produced by any non-party in response to a subpoena or other judicial process. For the purposes of this Protective Order, the term "documents" includes, without limitation, documents or materials, items, testimony elicited in depositions, or other information, including information produced in electronic format, and also includes any derivative, compilation or summary of any "documents," and the information therein. Except with respect to personally identifiable information about an individual as described in Fed. R. Civ. P. 5.2 or NECivR 5.03(b)(1)-(5), Confidential Information shall not include documents or information which (a) is or becomes publicly known other than through a breach of this Protective Order; or (b) is lawfully received by a person from a source other than the Party designating the documents or information as Confidential Information subject to this Protective Order, which source is not itself known by the receiving Party to be bound by a confidentiality agreement with the Party designating the documents or information as Confidential Information subject to this Protective Order.

3. Any Party to this Litigation or any other person who produces or supplies information, documents or tangible items in the course of discovery (hereafter "Designating Party" or "Producing Party") may designate as Confidential Information subject to this Protective Order any documents, material or information that it reasonably and in good faith believes is a trade secret or constitutes confidential, private, or similarly protected information under applicable statutory or common law;

however, nothing in this Protective Order shall be construed as a waiver by any Party of the right to assert a timely, good faith and reasonable objection to any request for discovery or to production of documents or information on the basis that the information sought is confidential, private or similarly protected information under applicable statutory or common law.

    4.    Confidential Information which a Party does produce, either voluntarily or by Court Order, shall be designated as Confidential Information either by marking "CONFIDENTIAL" on the face of the original or photocopy of the document, information or tangible item ("tangible item" includes a CD or other electronic form of information) being produced and upon each page so designated, if practicable, or by identifying the Bates Number, page number or range of numbers constituting or including Confidential Information.  With respect to a deposition, a Party or counsel for a non-party deponent may designate testimony or any exhibits to a deposition as Confidential Information by identifying such testimony or exhibits as Confidential Information during the deposition or, within thirty (30) days following receipt of the deposition transcript, by identifying in a writing sent to all counsel and to the deponent, if not a party, the portions of the transcript and any exhibits which are being designated as Confidential Information.

    5.    Confidential Information shall not be furnished or disclosed to any person except as provided for herein, and shall be used solely for the purposes of this Litigation and shall not be used for any business or other purpose.

    6.    Confidential Information may be disclosed only to the following persons:

        A.    This Court and its personnel.

        B.    Counsel of record in this Litigation, and their respective clients and client representatives who have a "need to know."

C.     Other attorneys employed by the Parties and/or employees of the counsel's law firms to the extent reasonably necessary to render professional services in the Litigation; provided that prior to disclosure, counsel of record have advised such other attorneys and employees of their obligations under this Order.

D.     Any consultant, investigator or independent expert (collectively, "Expert") who is assisting in the preparation or trial of this Litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance; provided that, prior to disclosure, each such Expert shall execute the Confidentiality Agreement, attached hereto as Exhibit A.  Counsel of record retaining such consultant shall maintain a copy of each such Confidentiality Agreement during the course of this Litigation.

E.     Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to prepare to testify; provided that, prior to disclosure, each such person shall execute the Confidentiality Agreement, attached hereto as Exhibit A.  Counsel shall maintain a copy of each such Confidentiality Agreement, and shall provide, if requested, a copy of the signed Agreement to counsel for the requesting Parties.  As to any witness shown documents or information designated as Confidential Information, disclosure shall not include the physical transfer to or retention by such individual of any document or any tangible item containing Confidential Information, unless that witness is an Expert referred to in subparagraph D above.

F.     Court reporters retained for depositions, hearings or other events in the Litigation.

  G. Outside copying services; provided that the copying service has been advised of this Order and executes a Confidentiality Agreement in the form attached hereto as Exhibit A.

7. Counsel for each Party agrees, acknowledges, and affirms that they shall instruct their respective clients as to the protected nature of Confidential Information, and that Confidential Information shall not be discussed or disclosed to anyone, other than in strict accordance with this Protective Order, and, that the use of any Confidential Information produced in the Litigation in contravention of the terms of this Protective Order may subject the violating entity/entities or individuals to civil action and penalties as may be allowed by law, and any and all remedies deemed appropriate by the Court.

8. Where any documents designated as Confidential Information are included as exhibits to any pleadings, motions, briefs, papers, documents or depositions filed with the Court, unless expressly waived or excused by the Designating Party, such materials shall be filed in accordance with NECivR 7.5.

9. Non-parties producing documents in this case pursuant to subpoena or other process may designate such documents as Confidential Information in accordance with paragraph 3 of this Protective Order before production. If a Party wishes to designate documents produced by third parties as Confidential Information, the Designating Party will have twenty (20) days, which may be extended by agreement, after the receipt of the documents to provide a log to the other Parties, identifying the Confidential Information by Bates number, if available, or by other sufficient description to identify the documents to be protected under this Protective Order. The Parties will then prominently mark the Confidential Information "Confidential" on all such documents in their possession.

10. Any Party may, at any time after production of information designated as Confidential Information under this Protective Order, object to its designation by notifying the Designating Party

in writing of that objection and specifying the designated material to which the objection is made. Within ten (10) days of service of the written objections, the Parties shall confer concerning the objection. If the objection is not resolved, the Party objecting to the designation shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation. The Designating Party shall bear the burden of proof on the issue.

  11. This Protective Order shall not prevent any of the Parties from moving this Court for an order that information designated as Confidential Information may be disclosed other than in accordance with this Order. Any Party may seek modification of this Protective Order from the Court at any time; however, it shall remain in effect until such time as it is modified, amended or rescinded by the Court.

  12. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought. The Parties reserve all proprietary and other rights in any such documents and information produced in accordance with this Protective Order. Disclosure of such documents and information in accordance with this Protective Order is required by applicable rules of civil procedure and shall not be construed to constitute waiver of confidentiality or any proprietary or other rights, or construed as consent to the use, disclosure, or publication of such information or documents except in strict compliance with this Protective Order.

  13. This Protective Order is not intended to govern the use of the Confidential Information at trial. Questions regarding the protection of Confidential Information during trial will be presented to the Court prior to or during the trial as needed.

  14. Subject to the other provisions of this Protective Order, this Protective Order will not terminate at the conclusion of the Litigation. Within ninety (90) days after final termination of the

Litigation (including any appeal), unless a different date is otherwise agreed by the Parties, all Confidential Information that was produced by a Party to the Litigation during discovery (including any copy thereof) shall be returned to, and at the expense of, the Producing or Designating Party, except to the extent that Party agrees in writing that some or all of such documents may be destroyed in lieu of returning the documents. Unless otherwise mutually agreed to by the Parties, each attorney of record shall certify his or her compliance with this section in writing, and deliver the certification to the producing party no later than ninety (90) days after final termination of litigation.

15. Neither the termination of this Litigation nor the termination of employment of any person who has access to Confidential Information shall relieve any such person from the obligation of maintaining both the confidentiality and the restrictions on use of any Confidential Information disclosed pursuant to this Order.

16. The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver. Promptly upon learning of the inadvertent disclosure, however, the Producing Party must notify any receiving party of the inadvertent production and request return of the documents. The receiving party must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the receiving party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Party must preserve any such documents. Nothing in this Paragraph 16 is intended to restrict or limit any right or remedy of a Party pursuant to Fed. R. Civ. P. 26(b)(5)(B) or Fed. R. Evid. 502.

Dated this 10th day of January, 2012.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I, _____, state the following:

I have read and understand the foregoing Protective Order approved by the Court and to which this Exhibit A is annexed, and attest to my understanding that access to information or documents designated as "Confidential" may be provided to me, conditioned upon and pursuant to the terms, conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order, both with respect to the Court's powers of supervision of the Litigation, and contractually to any designating Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I have in this Confidentiality Agreement. I understand that certain of the confidential information which I may receive or be given access to may constitute material, nonpublic information regarding the affairs and plans of one or more of the Parties to the Litigation and/or their subsidiaries or affiliates. I understand that the use of such information by me, or the disclosure of such information by me to others for a competitive advantage or other purpose in violation of the terms of the Protective Order, may subject me to sanctions and penalties. I hereby agree not to use any such confidential information for any prohibited purpose or to encourage or knowingly permit others to use information for any such purpose.

DATED this ____ day of _____, 20____.

Signature:_____